Exhibit A

Part 1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT

OF THE TRIAL COURT

CIVIL ACTION NO. :

**10  01417**

RECEIVED & FILED
NORFOLK COUNTY
CLERK OF THE COURTS
8/13/10

|  |  |
|---|---|
| ANDREW HEGGIE AND MATTHEW WALSH/ )<br>  Plaintiffs )<br>  )<br>v. )<br>  )<br>CTX MORTGAGE COMPANY, INC., )<br>CITIMORTGAGE, INC., MERS® System, )<br>HOMECOMINGS FINANCIAL LLC )<br>CITIBANK, NA, THE BANK OF NEW YORK )<br>MELLON, GMAC MORTGAGE COMPANY,LLC )<br>  )<br>  )<br>  )<br>  ) | VERIFIED COMPLAINT SEEKING<br>DAMAGES AND EQUITABLE RELIEF |

<u>VERIFIED COMPLAINT AND JURY DEMAND</u>

## **INTRODUCTION**

Andrew Heggie and Matthew Walsh (Borrowers), filed a "demand letter" against the named parties based on their personal knowledge, documentation and testimony. The borrowers assert that the representative of CTX Mortgage, acting as an agent of CITIMORTGAGE and HOMECOMINGS FINANCIAL, intentionally induced the trust, confidence and reliance as their mortgage loan counselor and guide and they relied on this position of trust and the broker misrepresented the terms of the loan and the fact that they did not own the property located at 94 Bluff Road in Weymouth, MA in order to obtain a HELOC. The representative of CTX Mortgage, acting as an agent for named defendants, used this trust to induce the borrowers into a textbook predatory lending scenario in which an adjustable rate loan, at a teaser rate was granted for eighty percent of the value of the home, which will be questioned, and a HELOC for the remaining twenty percent of the value of

the home with a balloon payment due at the end of the term. The validity of the HELOC is questioned as the Borrowers did not own the property and never even touched the HELOC money, as it was given directly to the owner of the property of 94 Bluff Road in Weymouth.   .

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter and the named Defendants pursuant to M.G.L.
   c. 223A, § 3, c. 212, §4 and c. 214 § 1.

2. Venue lies in this county pursuant to M.G.L. c. 223A, § 8.

## PARTIES

1. Andrew Heggie and Matthew Walsh are natural persons who are the mortgagor's of the property located at 94 Bluff Road in Weymouth, MA.

2. CITIMORTGAGE, INC., with an address of P.O. Box 689196 in Des Moines, IA. The only CITIMORTGAGE registered to conduct business in Massachusetts has an address of 1000 Technology Drive, MS 140 in O'Fallon, MO. The Borrowers never received notice that the loan was going to be assigned nor is any assignment recorded at the Norfolk Registry of Deeds.

3. CITIBANK, NORTH AMERICA, whose principal address in Massachusetts is 225 Franklin Street in Boston, MA 02110 which is the address of the trustee State Street bank and Trust.

4. CTX Mortgage Company, LLC, was a Massachusetts licensed Mortgage lender until April 17, 2009 and is located at 2828 North Harwood Street in Dallas, Texas. CTX Mortgage Company, LLC. is the "Lender" on the $316,000.00 loan and is organized and exists under the laws of the State of Delaware.

5. MERS is a nominee for the "Lender" on both the mortgage for $316,000.00 and the HELOC for $79,000.00. The address for MERS on each document was at P.O. Box 2026 in Flint, MI. This address seems to be an address for GMAC Mortgage and the current address of MERS is listed as Library Street, Suite 300 in Reston, Virginia.

6. Homecomings Financial, LLC with an address of One Meridian Crossings, Suite

7. 100 in Minneapolis, MN is a Delaware Corporation. The address for Homecomings Financial on the statements received by the Borrowers is P.O. Box 205 in Waterloo, IA. The Bank of New York Mellon, N.A. has a headquarters address of One Wall Street, 29th Floor in New York, New York 10286.

8. GMAC Mortgage, LLC, is a Delaware Corporation, that is registered to conduct business in Massachusetts with an address of 110 Virginia Drive in Fort Washington, PA. GMAC Mortgage, LLC is the subservicer of the HELOC.


## FACTS

9. The Borrowers signed a "Purchase and Sale Agreement" in July, 2005(no date) on the property located at 94 Bluff Road and gave $4500.00 as a deposit on the property. This deposit was given by the Borrowers as a result of a verbal promise by CTX Mortgage to grant the Borrowers financing. In the "Mortgage Contingency Clause", Section 26, of the "Purchase and Sale Agreement" it states that, "In no event will the BUYER be deemed to have used diligent efforts to obtain such commitment unless BUYER submits a complete mortgage loan application conforming to the foregoing provisions on or before July 10, 2005."

10. The Borrowers completed two separate "Uniform Residential Loan Application" in which it was promised that they would be granted an ARM loan (3-27) for $316,000.00 at 5.25%. On the second application it indicated the Borrowers would be granted an interest only balloon loan for $79,000.00 at 8.00%. It stated that this was a conventional loan and that the purpose of this loan was for a purchase.

11. The HUD-1 on the $79,000.00 HELOC states that the Borrower was due $78,803.00 from this transaction and that the Seller was due $0.00. The Borrowers were also charged a $176.00 recording fee and an overnight courier fee of $22.00, paid to Feeney, Duffy & Connors, LLC. The Borrowers signed an "Open End Mortgage", dated August 8, 2005. The Note states, "The Account will be secured by a lien taken against your home pursuant to a separate Mortgage, Deed of Trust, or Security Deed dated the same day as this Agreement. The Borrowers seem to have been granted a "Goal Line Home Equity Line of Credit". The documents in this transaction all indicate the incorrect County (Plymouth) in the Notary section and in the "Attorney's Certificate of Title" it was acknowledged that this mortgage was a first mortgage and that there was a contract

price of $0.00. M.G.L. Chapter 93 Section 70 states, "The certification shall include a statement that at the time of recording the said mortgage, the mortgagor holds good and sufficient record title to the mortgaged premises free from all encumbrances, and shall enumerate exceptions thereto. The certification shall further include a statement that the mortgagee holds a good and sufficient record first mortgage to the property, subject only to the matters excepted by said certification."

12. On loan for $316,000.00 HUD-1 indicates that the contract sales price was $395,000.00 and that there did exist a second loan of $78,803.00. On the HUD-1 it seems to indicate the buyers paid only $715.21 in settlement charges. There is also an email, dated August 8, 2005 at 1:52 P.M. which indicates that the Borrowers paid $5,000.00 towards the closing costs. The Note on the $316,000.00 indicates that said mortgage is a three-year adjustable rate mortgage and the interest rate on the note will never be greater than 11.25%. On the "Borrower's Affidavit and Agreement" it indicates, in type, that the correct sales price of the property is $395,000.00 and that a $79,000.00 down payment was given on this loan. In the "Attorney's Certificate of Title" it was acknowledged that this mortgage was a first mortgage and that there was a contract price of $395,000.00. M.G.L. Chapter 93 Section 70 states, "The certification shall include a statement that at the time of recording the said mortgage, the mortgagor holds good and sufficient record title to the mortgaged premises free from all encumbrances, and shall enumerate exceptions thereto. The certification shall further include a statement that the mortgagee holds a good and sufficient record first mortgage to the property, subject only to the matters excepted by said certification."

13. The appraisal of the property located at 94 Bluff Road is questionable as the property previously sold for $252,000.00 and the three comparables had no sales in the last three years.

14. The Borrowers were told by the representative of CTX Mortgage that they could refinance on more favorable terms to induce them to close the loan.

15. On January 4, 2010, a "Demand Letter" as required under M.G.L. 93A was sent to the servicers of each of the loans and to CTX Mortgage Company. In response to this demand letter GMAC replied on March 9, 2010 stating that, "Based on the information you have provided, GMAC Mortgage acknowledges Mr. Walsh and Mr. Heggie allegations of misrepresentations in certain transactions related to the origination of the loan secured by above property address." CTX Mortgage stated in response to the

93A "demand letter" that the "the demands regarding various failures on the part of CTX were too broad for me to evaluate without specific facts to back them up." CitiMortgage responded that, "Please be advised that we have no record of a HELOC related to this account that is serviced by CitiMortgage."

16. On January 11, 2010 Mr. Heggie and Mr. Walsh sent a "Qualified Written Request" to the servicers of the loan and CTX Mortgage.

17. On February 10, 2010 Mr. Heggie and Mr. Walsh sent a "Notice of Right of Rescission" to "Homecomings Financial" based on the failure of the closing agent failing to specify on the "Notice of Right to Rescission" and "How to Cancel" a date on either form. In response to the document "Homecomings Financial" indicated that the HELOC was used to finance the original acquisition of a consumer's dwelling.

## CAUSES OF ACTION AND THEORIES OF RECOVERY

### COUNT I

Violation of M.G.L. 140D et. seq.

18. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

19. CTX Mortgage failed to disclose the correct disclosures and in the manner required.

20. This was a willful act and was intended to mislead the Plaintiffs.

21. The named defendants failed to supervise their agent to comply with the State and Federal laws associated with the mortgage granted to the Plaintiffs.

22. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court require full adjustment as relief of the loan and rule that the actions of the Defendants named were a violation of M.G.L.

93A and are subject to liability by M.G.L. 140D.

## COUNT II

### "MASSACHUSETTS PREDATORY HOME LOAN PRATCICE ACT"

(General Laws c. 183C et. seq.).

23. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

24. Mr. Heggie and Mr. Walsh are specifically in the class of persons this statute was designed to protect and as a direct, proximate, and foreseeable result of the parties acts and practices Mr. Heggie and Mr. Walsh is subject to loss of property and loss of use of property and other damages.

25. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for named defendants, knew that the loan would require refinancing before the "teaser" introductory rate was complete.  Nonetheless, the mortgage broker from CTX Mortgage, acting as an agent for named defendants promised Mr. Heggie and Mr. Walsh that they could refinance and viewed the loans as "starter" or "band-aid" loans.  The mortgage broker only considered whether the borrowers could afford the loan during the introductory rate period.  Mr. Heggie and Mr. Walsh were "doomed to foreclosure".

26. The facts surrounding the granting of the loan would suggest that the mortgage company was aware that there was a substantial likelihood that Mr. Heggie and Mr. Walsh would eventually default ("doomed to foreclosure") and that any equity in the house would rationalize the granting of the loan.

27. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.


WHEREFORE, the Plaintiffs request the following relief, that the Court actions of named

defendants constitutes a violation of chapter 93A. The Plaintiffs requests that the Court issue

an order or injunction rescinding a the home mortgage loan contract between the named parties

and issue an order or injunction barring any judicial or non judicial foreclosure or other lender

action under the mortgage or deed of trust securing any home mortgage loan which violates this

chapter. The Plaintiffs further requests that the Court issue an order or injunction reforming

the terms of the home mortgage loan to conform to this chapter and impose such other relief,

including injunctive relief, as the court may consider just as relief and equitable. In addition, the

Plaintiffs requests that the named defendant's be found to be in violation of this chapter shall be

subject to sections 2A and 2D of chapter 167.

COUNT III

MASSACHUSETTS GENERAL LAW CHAPTER 106, Section 3-305.

28. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth
in paragraphs 1 through 17 of the complaint as if fully set forth therein.

29. Mr. Heggie and Mr. Walsh is specifically in the class of persons this statute was
designed to protect. As a direct, proximate and foreseeable result of named parties
acts and practices Mr. Heggie and Mr. Walsh is subject to loss of property and
loss of use of property and other damages as a result of the named parties conduct.

30. Fraud induced Mr. Heggie and Mr. Walsh to sign the instrument with neither knowledge
nor reasonable opportunity to learn of its character or its essential terms.

31. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages,
emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the following relief (1) that the contract is not

enforceable based on the circumstances surrounding the numerous violations of State and

Federal regulation, statute, procedure and practice and fraud in the inducement (2) that

the Court nullify the obligation of the Plaintiffs to the named parties.


## COUNT IV

### MASSACHUSETTS GENERAL LAW CHAPTER 106, Section 2-302

32. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth

in paragraphs 1 through 32 of the complaint as if fully set forth therein.

33. Mr. Heggie and Mr. Walsh is specifically in the class of persons this statute was designed

to protect.  Mr. Heggie and Mr. Walsh asserts the contract is unconscionable based on

the circumstances surrounding the numerous violations of State and Federal regulation,

statute, procedure and practice.

34. The contract was unconscionable at the time it was made based on a lack of disclosure

and the willful actions of CTX Mortgage its capacity as a mortgage broker and, acting as

an agent for the named defendants.

35. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages,

emotional distress and the possibility of losing their house.


WHEREFORE, the Plaintiffs requests that the Court refuse to enforce the contract as

relief.

### COUNT V

### M.G.L. Chapter 184: Section 17B ½.

36. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth

in paragraphs 1 through 17 of the complaint as if fully set forth therein.

37. Mr. Heggie and Mr. Walsh is a first-time home loan borrower, who secured a mortgage

on owner-occupied, 1 to 4 family residential property in the commonwealth.

38. The mortgage is a subprime loan at a variable or adjustable rate of interest and the

Plaintiffs never affirmatively opted in writing for the variable or adjustable rate subprime

loan.

39. Mr. Heggie and Mr. Walsh never received certification from a counselor with a third-

party nonprofit organization that the mortgagor has received counseling in person on

the advisability of the loan transaction; provided, further that said third party nonprofit

organization shall have been approved by: (1) the United States Department of Housing

and Urban Development; (2) a housing financing agency of the commonwealth; (3) the

Massachusetts Homeownership Collaborative; (4) or the regulatory agency which has

jurisdiction over the mortgagee. The commissioner of the division of banks shall maintain a

list of approved counseling programs.

40. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages,

emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court rule that the rate terms of the loan shall

not be enforceable.


### COUNT VI

### M.G.L. 184 17D

41. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in

paragraphs 1 through 17 of the complaint as if fully set forth therein.

42. The mortgage lender failed to provide the required information at the same time such lender

provided a first mortgage loan application form to the Plaintiffs.

43. The first mortgage lender offering variable rate residential mortgage loans, not otherwise

subject to Administrative Bulletin 13-2C (Revised) of the commissioner and, provided that the prospective mortgage borrower has requested information about or has submitted an application for a variable rate mortgage loan, a copy of the most recent publication available from the Federal Home Loan Bank Board which describes information concerning variable or adjustable rate mortgages, currently entitled "Consumer Handbook on Adjustable Rate Mortgages".

44. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for named defendants, failed to provide a uniform model disclosure statement prescribed in regulations promulgated by the commissioner, written in plain and simple language, to aid prospective mortgage borrowers in understanding the mortgage application and approval process. The statement shall include, but need not be limited to, descriptions of the time periods generally required for processing of mortgage applications, the notices required by paragraph (d), and by the federal Equal Credit Opportunity Act, and by comparable provisions of the General Laws, and terms and practices common in the commonwealth relative to mortgage lending including, but not limited to, interest rate commitments.

45. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court rule that the rate terms of the loan shall not be enforceable.

COUNT VII

Unfair and Deceptive Acts or Practices

M.G.L. c. 93 A

46. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

47. Defendant has engaged in the following unfair acts or practices, among others but not limited to:

a. Employing unfair and deceptive practices by using CTX Mortgage as its agent by offering Mr. Heggie and Mr. Walsh a mortgage on more favorable terms then offering a different mortgage loan product at closing in violation of 940 C.M.R. § 8.06, 3.16 and c. 93A relying on the concept of unfairness.

b. Making a loan on terms that were unfair and deceptive and had hidden advantages for both CTX Mortgage and the named defendants in violation of 940 C.M.R. § 3.06. 3.05, 3.13 and 6.05 and M.G.L. c. 93A and M.G.L. c. 183§ 63.

c. Failing to make disclosures that comply with 940 C.M.R. § 8 et. al.

48. The actions of CTX Mortgage, acting as an agent for the named defendants, were willful or knowing within the meaning of M.G.L. c. 93A.

49. Mr. Heggie and Mr. Walsh was injured and suffered damages by virtue of the violations.

50. A demand letter was sent to the named defendants in this action even though Mr. Heggie and Mr. Walsh are asserting their claims defensively against a possible foreclosure action.

51. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award damages, equitable relief and reasonable attorney's fees and costs as relief.

## COUNT VIII

### 209 C.M.R. 32.00 et. seq.

(M.G.L. c. 93A, et. seq. and 209 C.M.R. 32.00 as promulgated thereunder)

53. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

54. The Plaintiffs were not given the required disclosures.

55. The Defendants were in violation of this regulation.

56. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages for each violation and such other relief the Court deems just as relief as relief.

## COUNT IX

### 940 C.M.R. § 8.06 and 3.16

(M.G.L. c. 93A, et. seq. and 940 C.M.R.§ 8.06, 3.16 as promulgated thereunder)

57. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

58. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent of the named defendants employed unfair and deceptive practices on the loan to Mr. Heggie and Mr. Walsh in violation of 940 C.M.R. § 8.06 and other State and Federal statutes, regulations and rules which

prohibit this action.

59. Mr. Heggie and Mr. Walsh was told by the representative of CTX Mortgage that they could refinance on more favorable terms to induce their to close the loan in violation of 940 C.M.R. § 8.06.

60. The representative of CTX Mortgage, acting as an agent of named defendants, failed to make the required disclosures as required by State and Federal law.

61. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages and such other relief the Court deems just as relief as relief.

COUNT X

940 C.M.R. § 8.05

(M.G.L. c. 93A, et. seq. and 940 C.M.R.§ 8.05 as promulgated thereunder)

62. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

63. The Defendant committed an unfair or deceptive act or practice by failing to make the required disclosures by and at the time specified by any applicable state or federal law, regulation or directive.

64. The Defendant committed an unfair or deceptive act or practice by concealing or failing to properly disclose as needed by law and regulation.

65. The defendant committed an unfair or deceptive act or practice by making a representation or statement is false or misleading or has the tendency or capacity to be misleading regarding the availability, terms, conditions, or charges, incident to the mortgage transaction and the possibility

of refinancing.

66. The Defendant committed an unfair or deceptive act or practice by procuring or negotiating for the Plaintiffs a mortgage loan with rates or other terms which significantly deviate from industry-wide standards or which are otherwise unconscionable.

67. The Plaintiffs was harmed by these acts and/or omissions.

68. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages for each violation and such other relief the Court deems just as relief as relief.

## COUNT XI

### CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY

69. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

70. Contract terms and procedure that violate either statute or a validly enacted regulation are void as against public policy. Contract terms and procedure that violate either a statute or a validly enacted regulation are unconscionable and unenforceable. The terms and procedure of the loan granted to Mr. Heggie and Mr. Walsh violated numerous State and Federal statutes and enacted regulations.

71. The actions of CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for named defendants violated the Attorney General's regulations, 940 C.M.R. § § 3.01et. seq., 6.01 et. seq., 8.01, et seq., which are to protect borrowers from predatory lending.

72. To accomplish the purposes of the Attorney General's regulations, 940 C.M.R. § § 3.01et.

seq., 6.01 et. seq., 8.01, et seq., it is necessary to void the mortgage.

73. The extent of CTX Mortgage's illegal behavior rises to the level to void the mortgage as to any and all claims against said mortgage.

74. There is a strong public policy underlying the Attorney General's regulations from predatory lending and to help borrowers avoid foreclosure.

75. The effectuation of the public policies underlying the Attorney General's regulations would be defeated absent a sanction that voids the mortgage.

76. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court grant the Plaintiffs relief from the unconscionable and/or illegal contract terms and/or refund all unjustified fees associated with the contract and such other relief the Court deems just as relief as relief.

## COUNT XII

## BREACH OF CONTRACT

77. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

78. The defendant used unfair and deceptive practices delivered different terms at the closing than the ones initially promised, CTX Mortgage in its capacity as a mortgage broker and, as an agent of named defendants, breached its contract with Mr. Heggie and Mr. Walsh.

79. To the extent CTX Mortgage offered terms to Mr. Heggie and Mr. Walsh prior to closing, CTX formed a contract with Mr. Heggie and Mr. Walsh to provide those promised terms.

80. The contract are illusory in nature and unenforceable.

81. The conduct of CTX Mortgage caused Mr. Heggie and Mr. Walsh irreparable harm, as they were put into a loan which is considered unfair in Massachusetts and/or suspect.

82. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court to award damages and any and all equitable remedies for the named defendant's breach of contract and such other relief the Court deems just as relief.

### COUNT XII

### INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION

83. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

84. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for named defendants, made misrepresentations to Mr. Heggie and Mr. Walsh, upon which Mr. Heggie and Mr. Walsh relied to their detriment.

84. This misrepresentation included, without limitation (a) that they would have conventional loans.

85. CTX Mortgage made these misrepresentations to induce Mr. Heggie and Mr. Walsh to complete the loan.

86. Mr. Heggie and Mr. Walsh was granted a loan in which they would not raise the equity in their house for many years.

87. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional

distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests damages and any and all equitable remedies for this misrepresentation and such other relief the Court deems just as relief.

## COUNT XIV

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

88. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

89. The contracts between Mr. Heggie and Mr. Walsh and the defendants included a duty of good faith and fair dealing.

90. Pursuant to an implied covenant in the subject contracts, CTX Mortgage in its capacity as a mortgage broker and, acting as a representative for named defendants has a duty to do everything that the contracts presupposed to accomplish the purpose of what each of the parties thought was the end result of the contract.

91. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent of named defendants, breached the implied covenant of good faith and fair dealing, and its duties thereunder.

92. Mr. Heggie and Mr. Walsh has suffered and continues to suffer based on these actions.

93. As a result of the actions of the Defendants conduct the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests that the Court award damages and any and all equitable remedies available and such other relief the Court deems just as relief.

## COUNT XV

## UNJUST ENRICHMENT

94. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

95. By their wrongful acts and omissions parties named have been unjustly enriched at the expense of Mr. Heggie and Mr. Walsh, and thus Mr. Heggie and Mr. Walsh has been unjustly deprived.

96. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award restitution and an order of this Court disgorging all profits, benefits and other compensation obtained by the wrongful conduct of the Defendant's as relief.

## COUNT XVI

### VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

97. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

98. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for named defendants, failed to provide the required disclosures prior to closing.

99. The named defendants have not disclosed any and all yield spread premiums as required.

100. All the named defendants were sent a "qualified written request" and only GMAC Mortgage, LLC, has responded.

101. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional

distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and

lawyers' fees and court costs as relief.


### COUNT XVII

### FRAUD

102. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in

paragraphs 1 through 17 of the complaint as if fully set forth therein.

103. The representative of CTX Mortgage in its capacity as a mortgage broker and, acting as an

agent for named defendants, had a superior knowledge regarding the transaction and failed to

disclose the violations.

104. The representative of CTX Mortgage in its capacity as a mortgage broker and, acting as an

agent of named defendants, had scienter and made representations which he knew Mr. Heggie

and Mr. Walsh would rely on and this reliance resulted in damage to Mr. Heggie and Mr. Walsh.

105. Mr. Heggie and Mr. Walsh did rely on the representations of the agent of the named

defendants in the form of believing that the representative was acting in their best interest.

106. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional

distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and

lawyers' fees and court costs as relief.

COUNT XVIII
NEGLIGENT MISREPRESENTATION

107. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

108. The defendant, in the course of business, negligently stated false information that the defendant intended the Plaintiffs to rely on.

109. The Plaintiffs justifiably relied on the false statement and suffered pecuniary loss as a result

110. The representations were made to induce Mr. Heggie and Mr. Walsh into purchasing the property in a loan package which is violative of State and Federal law, rule and regulation.

111. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

COUNT XIX

TRUTH-IN LENDING ACT

112. Plaintiffs repeats and realleges and incorporates by reference all the allegations set forth in paragraphs 1 through 17 of the complaint as if fully set forth therein.

113. Mr. Heggie and Mr. Walsh is specifically in the class of persons these regulations was designed to protect.

114. As a direct, proximate, and foreseeable result of the parties named in this demand letter acts and practices Mr. Heggie and Mr. Walsh is subject to loss of property and loss of use of property and other damages as a result of their conduct.

115. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for the named

defendants violated the Truth-in-Lending, inter alia, failed to provide the disclosures to Mr. Heggie and Mr. Walsh as required by 15 U.S.C. § 1639(a)(1) and (a)(2)(A) and 12 C.F.R. § 226(c)(1-3).

116. CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for the named defendants, failed to provide the above disclosures to Mr. Heggie and Mr. Walsh at least three days prior to the consummation of the transaction, in violation of 15 U.S.C. § § 1639(B)(1) AND 12 C.F.R § 226.31(C).

117. The Defendant's have violated the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as therein after more particularly set forth.

118. The failure to comply with any provision of 15 U.S.C. § 1639 is deemed a failure to deliver material disclosures for the purpose of 15U.S.C. § 1635. See 15 U.S.C. 1639(J).

119. As a result of the actions of the Defendants the Plaintiffs suffered loss, damages, emotional distress and the possibility of losing their house.

WHEREFORE, the Plaintiffs requests the Court award actual damages, punitive damages and lawyers' fees and court costs as relief.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Heggie and Mr. Walsh respectfully requests that this honorable Court:

a. Declare that the CTX Mortgage in its capacity as a mortgage broker and, acting as an agent for named defendants, did knowingly violate State and Federal law, statute and regulation.

b. Award damages pursuant to M.G.L. 93A.

c. Award Mr. Heggie and Mr. Walsh their reasonable attorney's fees and costs; and

d. Grant the relief Mr. Heggie and Mr. Walsh requested in each numbered section for each Count of this complaint

e. Grant such relief as the Court deems appropriate and just.

RESPECTFULLY SUBMITTED,

Attorney for Mr. Heggie and Mr. Walsh

JAMES J. HEGGIE

BBO# 659244

2001 Marina Drive

Suite 313W

Quincy, MA 02171

A TRUE COPY

Attest: _____ Assistant Clerk 11/30/10

### VERIFICATION

I, Andrew Heggie and Matthew Walsh, having been duly sworn depose and state that I have read the contents of the "Verified Complaint seeking Damages and Equitable Relief Including Preliminary Injunction to Stop Foreclosure and Jury Demand" and the factual statements in that document are true and those factual matters which are stated upon belief are believed to be true.

Signed under pains and penalties of perjury on this the 3rd day of August, 2010.

Andrew Heggie

_____

Mathew Walsh


Commonwealth of Massachusetts

Norfolk, ss.

I, James J. Heggie, hereby certify that on August 3rd, 2010, Andrew Heggie and Matthew Walsh appeared before me and is personally known by me, who, being first sworn, deposed that the foregoing statements are true on this the __3__rd day of August, 2010

_____

James J. Heggie, Notary Public